# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 97-40133
Summary Calendar

RICHARD WAYNE COLLINS,

Plaintiff-Appellant,

versus

ADAM L. TARRANT, CO III, Coffield Unit; GARY R.
SMITH, Sub/Counsel, Coffield Unit; BERNIE L. BUSH,
Captain, Coffield Unit; TERRY J. LeBLANC, Grievance
Coordinator, Coffield Unit; KEVIN MOORE, Warden,
Coffield Unit; JAMES A. SHAW, JR., Region II Director,
Texas Department of Criminal Justice, Institutional Division;
GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Defendants-Appellees.

Appeal from the United States District Court
For the Eastern District of Texas
(6:96-CV-855)

November 14, 1997

Before POLITZ, Chief Judge, HIGGINBOTHAM and PARKER, Circuit Judges.

PER CURIAM:[*]

Richard Wayne Collins, proceeding *pro se* and *in forma pauperis*, appeals the 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) dismissal of his 42 U.S.C. § 1983 retaliation action as frivolous and for failure to state a claim. For the reasons assigned we affirm.

Background

Collins, a Texas state prisoner, filed a civil rights complaint alleging the issuance of a false disciplinary report in retaliation for his use of the grievance system and his challenge to the subsequent disciplinary proceedings. Collins claims that he was leaving his cell to go to work when Officer Adam L. Tarrant began closing the cell door and shoved him back inside. Collins squeezed out of the cell before Tarrant was able to close the door completely. Tarrant then ordered Collins back into his cell, but Collins refused, asking to see a superior officer so that he could report the shoving incident. Collins then proceeded down the tier to the work crew line. After closing the remaining cell doors, Tarrant went over to Collins and grabbed him by the arm. Collins claims he responded by threatening Tarrant with an internal affairs investigation if he was not released; Tarrant claims

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Collins threatened him with a beating. Disciplinary charges were brought against Collins. After a disciplinary hearing, Collins was found guilty of threatening to inflict harm on an officer and was given 15 days solitary confinement, a reduction in class, and a loss of 21 days good time credit.

The magistrate judge conducted a **Spears**[1] hearing. Collins testified that the disciplinary charges were false, and that the disciplinary hearing was unfair because three witnesses supported his version of the facts, but the presiding officer believed Tarrant without further investigation. Collins also testified that although he could not prove retaliation, he believed that the disciplinary charges were connected to a previous complaint he made about another officer. The magistrate judge dismissed Collins' retaliation claim as frivolous and for failure to state a claim, and necessarily dismissed Collins' challenge to the disciplinary proceedings.[2] Collins timely appealed the dismissal of his retaliation claim.

<u>Analysis</u>

To state a claim of retaliation based on the filing of a disciplinary report, the prisoner must allege the violation of a specific constitutional right, demonstrate a

---

[1] **Spears v. McCotter**, 766 F.2d 179 (5th Cir. 1985).

[2] **Woods v. Smith**, 60 F.3d 1161 (5th Cir. 1995) (absent a retaliation claim, the prisoner must be exonerated to bring a claim based simply on the filing of a false disciplinary charge).

retaliatory motive for the issuance of the disciplinary report, and establish that but for the retaliatory motive the disciplinary report would not have been filed.[3] The prisoner must show more than his mere personal belief that he is the victim of retaliation.[4]

Collins claims that he was retaliated against for the use of internal grievance procedures to complain about a correctional officer. Collins concedes that he has no evidence of retaliation, but asserts that two months prior to the incident in question he received a letter addressing a complaint he made about another officer and he feels the two events are related. Collins offers no basis for a connection between Tarrant and the previous complaint, admitting that he had never seen Tarrant previously and asserting, instead, that Tarrant may have filed the disciplinary report as cover for his own actions. These speculative allegations are insufficient to support a retaliation claim. Because Collins does not allege that Tarrant was involved in or affected by his previous complaint and fails to allege sufficient facts upon which a retaliatory motive can be inferred, we must conclude that the retaliation claim was properly dismissed.

The judgment appealed is AFFIRMED.

---

[3] **Id.**

[4] **Johnson v. Rodriguez**, 110 F.3d 299 (5th Cir. 1997).